```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDRE ANTROBUS,                              :

                    Plaintiff,              :
                                                         REPORT and RECOMMENDATION
        -against-                            :
                                                         07 Civ. 2076 (JSR)(KNF)
DEPARTMENT OF CORRECTIONS AND                :
EMPLOYEES C.O. HAYNES, ALSO
SUPERIORS DEPUTY WARDEN                      :
CAPTAINS OF O.B.C.C. 1600 HAZEN ST.
EAST ELMHURST, QUEENS, N.Y., N.Y.            :
11370 (RIKERS ISLAND),
                                             :
                    Defendants.
------------------------------------------------------------x
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

In this pro se action, brought pursuant to 42 U.S.C. §1983 ("§1983"), Andre Antrobus ("Antrobus") alleges that the New York City Department of Corrections ("DOC"), Correction Officer Haynes ("Haynes"), a Deputy Warden, and unnamed correction captains assigned to the Otis Bantum Correctional Center ("OBCC") at Rikers Island, Queens, New York (collectively, "the defendants"), violated his constitutional rights by failing to provide postage stamps for his legal correspondence for two months, until he accumulated sufficient funds to pay for postage.

Before the Court is the defendants' motion, for judgment on the pleadings, made pursuant to Federal Rule of Civil Procedure 12(c). The defendants contend they are entitled to the relief they seek because: (1) DOC is not an entity that is subject to suit; and (2) Antrobus failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e. In support of their contention, the defendants attached to their motion papers a copy of a single grievance, which shows that Antrobus complained that he was unable to "send [legal] mail out because there [we]re no stamps." The copy of this grievance shows that an informal resolution of the grievance was achieved. Specifically, the DOC Inmate Grievance Resolution Committee ("IGRC"): (a) confirmed that no postage stamps were in the mailroom; (b) stated that stamps would be available within the week; and (c) affirmed that the "action requested [by Antrobus] is accepted." In their motion for judgment on the pleadings, the defendants do not discuss whether the favorable disposition of the plaintiff's grievance still required the plaintiff to pursue his administrative remedies further.

The defendants' motion is analyzed below.

## II. BACKGROUND AND PROCEDURAL HISTORY

In his amended complaint, Antrobus states that, while he was housed in OBCC, he attempted to mail "several letters that included motio[n] contact letters, evident[i]ary photostats and etc. to have [him] released and also obtain witnesses." Antrobus asserts his letters were not mailed promptly, because he could not pay for postage, and that a policy, which was developed by Haynes and Haynes' "superiors," contradicted DOC's policy of mailing inmates' letters at no cost to inmates.

Antrobus states that he complained to Haynes and Haynes' "superiors" for four weeks, and then filed a grievance stating that prison officials failed, improperly, to mail his letters, pending the accumulation of sufficient funds in his account to pay for postage. According to Antrobus, the result of his grievance was a determination that prison officials were wrong to hold his mail until he had sufficient funds for postage. To appeal the disposition of his grievance,

2

Antrobus alleges he "wrote and met with the grievance officer," who informed Antrobus his grievance would be "rectified." In addition, Antrobus states he "told" the deputy warden and "some captains" and was advised, "that[']s the way the DOC conducts its mail procedures." Antrobus states that, as a result of these actions, he suffered mental anguish, pain and stress, and, that his ability to handle his case was "hampered."

In July 2008, after the defendants' motion had been pending for several months, an order was issued by the Court, which noted that nothing appeared on the court's docket sheet indicating that Antrobus had filed a response to the motion for judgment on the pleadings. As a result, the Court ordered that a response be filed on or before August 25, 2008, and, advised that, failure to do so would cause the Court to deem the motion unopposed. Antrobus failed to file a timely response.

### III. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard for granting a motion for judgment on the pleadings, under Rule 12(c), is identical to that of a Rule 12(b)(6) motion for failure to state a claim. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In both instances, a court is required to accept as true all factual allegations in the complaint and to view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. See id; Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007); District Council No. 9 v. APC Painting, Inc., 272 F. Supp. 2d 229, 235 (S.D.N.Y. 2003). At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is

3

plausible on its face." Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).

The Second Circuit has held, "with respect to a motion pursuant to Fed. R. Civ. P. 12(c) to dismiss an action on the basis of the pleadings, that where . . . the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute default justifying dismissal of the complaint." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000) (quotation marks and citations omitted).

When a plaintiff is proceeding pro se, a court must construe the complaint liberally. See, e.g., Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). A complaint should not be dismissed simply because a plaintiff is unlikely to prevail on the merits. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012 (1984).

DOC's Amenability to Suit

In its most pertinent part, the New York City Charter provides that: "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." New York City Charter Ch. 17 § 396.

One of the named defendants, DOC, is an agency of the city of New York. "Governmental agencies have only those powers which are conferred expressly or by necessary implication; power is not to be inferred, and the principle of strict construction should be applied in interpreting statutory grants of power." Yonkers Comm'n on Human Rights v. City of Yonkers, 654 F. Supp. 544, 551 (S.D.N.Y. 1987) (quotations and citations omitted). Accordingly, perforce of the above-referenced provision of the New York City Charter, DOC, an

4

agency of the city of New York, lacks the capacity to be sued. See Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Stovall v. City of New York, No. 87 Civ. 4961, 1988 WL 249389, at *4 n.3 (S.D.N.Y. 1988); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992); Martin v. City of New York, 627 F. Supp. 892, 894 n.2 (E.D.N.Y. 1985). Accordingly, Antrobus, who commenced this action pro se, may not maintain this action against DOC; rather, he should have brought this action against the city of New York.

Inasmuch as the Court is mindful that parties may be dropped or added to an action at any stage of a litigation, see Fed. R. Civ. P. 21, and since the Court is cognizant that, upon issuing the instant Report, and prior to dismissal of the action against DOC, it is likely that a new and costly round of motion practice would likely ensue focused on whether amending the complaint to name the city of New York is appropriate, the Court finds that it would be in keeping with the admonishment of Fed. R. Civ. P. 1: that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action," as well as prudent, to add the city of New York as a defendant and, in so doing, declare the complaint constructively amended, see City of Rome, New York v. Verizon Communications Inc., 362 F.3d 168, 181 (2d Cir. 2004), so that Antrobus' claim is deemed to have been made against the city of New York. Therefore, to the extent the defendants move for judgment on the pleadings, because DOC is not amenable to suit, the motion should be denied, based on the constructive amendment of the complaint.

Exhaustion of Administrative Remedies

The instant action was brought pursuant to § 1983, to redress alleged constitutional

violations. However, a prisoner's ability to initiate a § 1983 action is constrained by 42 U.S.C. § 1997e, as amended by PLRA.

42 U.S.C. § 1997e(a) provides, in relevant part, that:

> No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[A] prisoner must exhaust his or her administrative remedies prior to filing a claim under § 1983." Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003).

DOC's grievance process is composed of five stages: (1) an informal review of a grievance by the IGRC; (2) a formal review, by the IGRC, if the informal review fails to resolve a grievance to an inmate's satisfaction; (3) an appeal to the Warden, by an inmate, from an adverse IGRC formal recommendation; (4) an appeal to the Central Office Review Committee ("CORC"), from the Warden's decision; and (5) an appeal to the Board of Correction ("Board"), from CORC's decision. See Ex. A to Decl. of DOC Inmate Grievance Program, Field Operations Officer, Ericka Sumpter ("Sumpter Decl."), executed Dec. 5, 2007. The Board issues an advisory recommendation to the Commissioner of Correction, who issues a final decision. Id. Complete exhaustion is required. See Richardson, supra; see also Jennings v. Horn, No. 05 Civ. 9435, 2007 WL 2265574, at *3 (S.D.N.Y. Aug. 7, 2007)(applying the "complete exhaustion" requirement in the context of grievance procedures provided by DOC).

The Second Circuit has held that, when the issue of exhaustion is raised as a defense, and the plaintiff provides a plausible explanation to counter this defense, district courts should follow a three-step inquiry, analyzing whether: (1) administrative remedies were "available" to the

6

plaintiff; (2) the defendant(s) waived the failure-to-exhaust defense by failing to raise or preserve it; and (3) any "special circumstances" exist, justifying a prisoner's failure to exhaust his administrative remedies. See Hemphill v. State of New York, 380 F.3d 680, 686 (2d Cir. 2004); see also Jennings, 2007 WL 2265574, at *3. When considering the "availability" of administrative remedies, it must be remembered that, "where prison regulations fail to provide a remedy for implementation failures, prisoners who receive a favorable outcome to their initial grievance that remains unimplemented have fully exhausted their available remedies." Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (citing Abney v. McGinnis, 380 F.3d 663, 669 [2d Cir. 2004]).

Construing the plaintiff's complaint liberally, and interpreting it to raise the strongest arguments it suggests, Antrobus has alleged that he filed an informal grievance, the outcome of which was a finding by the grievance officer that Antrobus was entitled to access to postage stamps. Therefore, Antrobus's amended complaint alleges–and the copy of the grievance submitted by the defendants shows–that Antrobus received a favorable disposition of his grievance. However, according to the amended complaint, the favorable disposition was not implemented. Moreover, a review of DOC regulations governing its Inmate Grievance Resolution Program, reveals that no regulations governing the implementation of a favorable resolution of a grievance exist. See generally Ex. A to Sumpter Decl. In a circumstance where an inmate, such as Antrobus, has received a favorable decision on his initial grievance, and the correctional system has no procedure governing the implementation of that favorable decision, the inmate has exhausted fully his available administrative remedies. See Ruggiero, 467 F.3d at 176. Therefore, the defendants' contention, that Antrobus failed to do so, is wrong.

## IV. RECOMMENDATION

For the reasons set forth above, the defendants' motion for judgment on the pleadings, Docket Entry No. 17, should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
October 21, 2008

Respectfully submitted,

*[signature]*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Andre Antrobus
07-A-0169
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

Michael Anthony Suarez, Esq.
New York City Law Department
100 Church Street
New York, NY 10007